**MERCY HOSPITAL, IOWA CITY, IOWA, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD, Robert J. Wilson, Regional Director, National Labor Relations Board, Region 18, and Herbert S. Dawidoff, Acting Regional Director, National Labor Relations Board, Region 18, Defendants.**

Civ. No. 78-29-D.

United States District Court,
.S. D. Iowa,
Davenport Division.

May 9, 1978.

William V. Phelan, Bruce L. Walker, Iowa City, Iowa, for plaintiff.

John S. Irving, Gen. Counsel, John E. Higgins, Jr., Carl L. Taylor, Aileen A. Armstrong, Washington, D. C., Curman McElrath Kimball, Region 18, N. L. R. B., Minneapolis, Minn., for defendants.

## ORDER

HANSON, Senior District Judge.

This matter is before the Court on plaintiff Mercy Hospital's (the hospital) motion for a preliminary injunction. Plaintiff's complaint and the pending motion are brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, in an effort to obtain pre-hearing disclosure of affidavits or other statements made by witnesses the Board intends to call at a pending unfair labor practice hearing. Specifically, the hospital would enjoin the Board from calling any witnesses who had previously submitted a written statement or affidavit, unless said statement or affidavit has been presented to the hospital seven days prior to the hearing at which the witness is to testify. Jurisdiction in this Court is predicated on 5 U.S.C. § 552(a)(4)(B). The complaint and motion for preliminary injunction were filed May 1, 1978. At the hospital's request, the Court scheduled a hearing on said motion for May 8, 1978, at which time counsel for both parties appeared and argued their respective positions. The hospital offered into evidence testimony from its personnel director relative to the subject matter of the pending unfair labor practice proceeding. No other evidence was received.

On May 4, 1978 the Board filed a Motion to Dismiss and a memorandum in support thereof. For the present, the Court will view the Board's motion as a resistance to preliminary relief. The Court is not as yet prepared to rule on the merits of the motion to dismiss. Accordingly, the Court deals in this order only with the hospital's motion for a preliminary injunction.

### I.

For some time prior to the filing of this action Local 1119 Iowa, National Union of Hospital and Health Care Employees, AFL–CIO has been attempting to organize the employees of the hospital. On February 23, 1978 and March 6, 1978 the Union submitted unfair labor practice charges against the hospital, and on April 10, 1978 submitted a "First Amended" charge. After preliminary investigation by Board personnel, the Acting Regional Director of the Board caused to be issued a "Complaint and Notice of Hearing" which has the effect of initiating the formal administrative fact finding machinery of the Board. The complaint charged that the hospital, by restricting the distribution of Union literature and issuing a written warning to an employee, had committed unfair labor practices in violation of Sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act, as amended. 29 U.S.C. §§ 158(a)(1), (3). A hearing before an Administrative Law Judge was scheduled for May 16, 1978.

Almost immediately upon issuance of the complaint and notice of a hearing, the hospital, using FOIA, attempted to obtain from the Board pre-hearing access to affidavits and statements of witnesses who the Board intended to call at the May 16 hearing. The hospital pursued its FOIA requests both by administrative motion and application pursuant to 29 C.F.R. §§ 102.-117, .118. The latter regulatory sections are the Board's FOIA and discovery regulations respectively. These attempts have to date proved unavailing and the hospital maintains that it has exhausted existing administrative avenues for disclosure of the sought after statements. Since the Board does not appear to argue otherwise, the Court proceeds on the assumption that the hospital has exhausted administrative relief.

## II.

The use of FOIA as a pre-hearing discovery device in unfair labor practice proceedings has engaged the attention of seven circuit courts of appeal within the past two years.[1] Six of the seven circuit courts have, with varying permutations, followed the example of the Second Circuit in *Title Guarantee Co. v. NLRB*, 534 F.2d 484, 492 (2d Cir.) *cert. denied*, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976) in holding that statements of the type in issue here fall within the ambit of FOIA exemption 7(A) which exempts "investigatory records compiled for law enforcement purposes" to the extent disclosure would "interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Only one circuit has found to the contrary. In *Robbins Tire and Rubber Co. v. NLRB*, 563 F.2d 724, 732–33 (5th Cir. 1977), *cert. granted*, 434 U.S. 1061, 98 S.Ct. 1231, 55 L.Ed.2d 760 (1978), the Fifth Circuit eschewed any per se exemption for pre-hearing disclosure, and held that in each case the burden is on the Board to demonstrate how disclosure would interfere with its enforcement proceedings. The Eighth Circuit has yet to address the issue. *See NLRB v. Douglas Division*, 570 F.2d 742, 748 n.3 (8th Cir. 1978).

Both parties have thoroughly discussed the relative merits of *Title Guarantee* and *Robbins Tire* in their submissions to the Court. But the question of immediate importance is whether the hospital has met its burden under traditional equitable principles to entitle it to preliminary relief pursuant to Rule 65, F.R.Civ.P. The Court finds that the hospital has failed to meet this burden, for there has been no showing of irreparable harm, or even hardship in the absence of a preliminary injunction. Thus the motion for preliminary injunction will be overruled.

The preliminary relief sought, disclosure of witness statements at least seven days before any hearing at which the witness would be called to testify, would involve a significant intrusion by this Court into the Board's ongoing administrative proceedings tantamount to a direct injunction against the pending May 16 hearing. Because national labor policy strongly disfavors judicial interference with the Board's processes outside of the review provided in Sections 10(e) and (f) of the NLRA, 29 U.S.C. §§ 160(e) and (f), "[a] cogent showing of irreparable harm is an indispensable condition of such intervention." *Sears, Roebuck and Co. v. NLRB*, 153 U.S. App.D.C. 380, 382, 473 F.2d 91, 93 (1973), *cert. denied*, 415 U.S. 950, 94 S.Ct. 1474, 39 L.Ed.2d 566 (1974). *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). Requests for preliminary injunctive relief in this context thus require particularly sharp scrutiny. Here, however, it is evident that the existence of any harm or hardship at all is purely speculative, and what harm might exist is not irreparable.

The harm that might result from a denial of relief extends no further than the fact that the hospital will not have the advantage of preparing its case in the light of advance knowledge of what witnesses are likely to say. Therefore the only threatened harm relates to the hospital's interest in pre-hearing discovery. Possible harm or hardship in this context must be viewed against the background of the Board's normal discovery procedures. Under the Board's regulations the statements and affidavits sought will be disclosed to the hospital after a witness has testified, and the hospital will have an opportunity to use such statements in cross-examination of the witness in question. 29 C.F.R. § 102.-118(b)(1). This type of discovery is similar to that available to a criminal defendant under the Jencks Act. 18 U.S.C. § 3500. If, in order to have a fair opportunity to prepare its cross-examination, the hospital needs time to peruse a previous written statement of a witness, this Court has no reason to believe otherwise than that the presiding Administrative Law Judge will permit the hospital time to do so. Under

1. The cases are collected and cited in *Robbins Tire and Rubber Co. v. NLRB*, 563 F.2d 724, 727 n.6 (5th Cir. 1977), *cert. granted*, 434 U.S. 1061, 98 S.Ct. 1231, 55 L.Ed.2d 760 (1978).

the circumstances, the harm or hardship that befalls a party having to proceed at an administrative hearing under a Jencks-type disclosure procedure as opposed to a more liberal form of pre-hearing disclosure is highly conjectural. Indeed, apart from asserting that pre-hearing disclosure of witness statements would be more convenient, the hospital has not attempted any showing of irreparable harm or hardship.

Furthermore, even if identifiable harm or hardship would result in the absence of preliminary relief, it would not be irreparable. Statutory review by the Eighth Circuit Court of Appeals of any final decision arising out of the pending unfair labor practice proceeding is provided for under Sections 10(e) and (f) of the NLRA. 29 U.S.C. §§ 160(e), (f). If the hospital is prejudiced by the pre-hearing denial of witness statements, the court of appeals is empowered to set aside or decline to enforce the Board's order.

Though the Court need go no further in finding that the hospital has failed to establish a need for preliminary relief, the Court does note that there is a substantial question in the Court's mind as to whether the pendency of the unfair labor practice proceeding in this case has any logical relationship to a cause of action predicated on FOIA. As the Supreme Court has in dicta noted, the right of a person seeking disclosure under FOIA "is neither increased nor decreased by reason of the fact that [he or she] claims an interest in the [materials] greater than that shared by the average member of the public. The Act is fundamentally designed to inform the public about agency action and not to benefit private litigants." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10, 95 S.Ct. 1504, 1513, 44 L.Ed.2d 29 (1975). There is no question but that the informational purpose of FOIA is not threatened by the absence of pre-hearing disclosure; for as noted previously, the witness statements sought will be available to the hospital at the May 16 hearing. Since the FOIA's informational purpose will not suffer, the fact that disclosure at a specific time would benefit the particular interests of the person requesting the information would appear to be a matter beyond the contemplation of FOIA. In an Act conferring rights of universal application such as FOIA, the reason why a person wants the information is beside the point. *See Robbins Tire, supra* at 730.

For the foregoing reasons,

IT IS ORDERED that the motion for preliminary injunction is overruled.